Thank you, Your Honor, and may it please the Court, Martin Piffa for Appellant Hazel Green Ranch, LLC. I'd like to reserve five minutes, if I may, for rebuttal. Your Honors, the District Court erred in dismissing Hazel Green Ranch's claims at the motion-to-dismiss stage, the pleading stage of the case, for four core reasons. The first of which is that Hazel Green Ranch, as an abutting landowner of a county road under California law, has an easement interest in that road. The trial court did not recognize that interest. Even if it's a federal road? Your Honor, the only evidence – there is no evidence that it's a federal road. I'm just asking you because you started out by saying they have a property interest in the abutting road. And I said, is that a complete statement or is it modified by unless it's a federal road? I think it is modified, Your Honor, by that comment. In this case, it is a county road. That's the only evidence that was ever presented at the trial court level. The federal defendants call it – call these two roads federal roads. But there's no support and there's never been any evidence presented to support that conclusion. They are because they say they are is essentially where we stand. So that's a major issue in the case. Is this a county road or a federal road or at least a major issue at this stage? And what you're saying is we have to assume since it's the only evidence that it's a county road. Yes, Your Honor. And that's why the first argument is the argument that I'm making, which is it is a county road. That's the only evidence that's in the record. And California law gives California landowners easement rights. The district court referred to those as rights in the nature of an easement. I'm not sure what that means. California law in McKinney and other decisions make it very clear that those are easement rights. They extend to that road in both directions to any other road to which they attach. And so that's the first error that was made by the district court. And that's why we – Well, let me ask you, other than the fact that California common law calls this an easement, is this right distinguishable from the property interest found to be insufficient under Staley? I think it is, Your Honor. The problem with Staley is there's no real discussion of Colorado law in that, other than they say it is the same as New Mexico law in Kinsherf, the Kinsherf decision. And Kinsherf refers to certain New Mexico statutes, none of which say what California appellate courts have said consistently for literally hundreds of years, which is that the right is an easement right. I mean, I guess in the fact that Staley doesn't refer to Colorado law, does it matter whether, I guess in this case, this piece is called an easement if it's essentially the same as a right that has been deemed insufficient? I mean, isn't it the same as a right that's been deemed insufficient in other cases? Well, those other cases, I think, are distinguishable. In the Ninth Circuit cases particularly, for example, Fitzgerald and McFarland, are cases in which the roads were federal roads, and there was apparently no dispute at the trial court level or at the appellate level that they were, quote, unquote, federal roads. Same with Kinsherf. That was a federally built road. These roads were built by private toll operators in the 1870s. They are now county roads. And that is a key distinction at the outset between this case and those other cases. And this court in McFarland noted, federal defendants call it dicta, but I think the language had to have meant something, that the landowner in McFarland failed to allege a county road easement or, quote, other guarantee of continued access. So we believe that language from this court, from McFarland, means that a county road easement is a guarantee of continued access, and as reflected under California state law. Now, in this case, how do you establish whether it's a county road or a federal road? The county, at least as of the time of this appeal, seemed not to wish to participate in these proceedings. Can you establish the county's interest in the road without the county as a party? I think we can, Your Honor. And to be clear, what Mariposa County did was it joined on a third amended complaint. The trial court dismissed it. The man that they dismissed without prejudice in the county did not amend and did not appeal. That's right. The county chose not to amend. And I recognize I don't have standing to speak for the county, but it's baffling to me that they were dismissed given the location of these roads, and that was the basis for the dismissal is that the rights and locations were not allegedly specific. Whatever reason, they did not participate after the dismissal of the complaint. Yes, Your Honor. And now is it your position that you can establish the county's ownership without the county or that you can join the county whether they agree or not? Which is the position? We can establish that it is a county road. It is marked as such on county maps. It is noted as such on federally created maps. So we think we can prove that, and, you know, we don't need the county's presence. I think in Staley, the county was not a party, and the fact of the matter is we think we can prove that and show that, and the county does not have to be a party to make that determination. Now, whether the county then has some dispute with Hazel Green as to its use of the road, should it prevail, that's a whole separate issue that's not before this Court. But the short answer is, Your Honor, that, yes, we think we can demonstrate that, and we think the way, the tremendous way of the evidence is in favor of that conclusion. Can I ask you a question about the ownership of the land? I understand that the federal government conveyed it to the State of California in 1866. Is that correct? Judge, slightly different. The State of California was conveyed by the federal government certain parts of Yosemite Park. The land, which is Hazel Green today, was at that time federal property until it was conveyed by patent to Mr. Halstead in 1888. You mean it was accepted from the grant to the State of California? That's my understanding, Your Honor. The grant to the State of California was specific as to the location of the land that was granted. And they specifically carved out this? They carved out the size of Yosemite. Let's put it this way. My understanding was it was much smaller at that time than it is today. The federal government retained a lot of the land surrounding Yosemite, including this property. Then it began to patent those lands or give those lands away to private owners. Well, that certainly helps me, but it didn't seem to me it was stated that way by your opponent. So anyway. The fact is the federal government has then come in and reclaimed a lot of those lands. It has repurchased a lot of those lands. Hazel Green today is surrounded again by federal land. Yeah, but throughout the history of this parcel, you're saying it was federally owned then conveyed to the private owner. That's correct. That's what happened in 1888. And since then, Hazel Green has remained in private hands, aside from eastern 40 acres, which aren't an issue. It used to be 120. Now it's 80 acres, Your Honor. The second reason the trial court erred is the prior use by Mr. Halstead of the land, we believe passed by the 1888 patent to him. The trial court said, well, it just uses the word of pertinences. That's not enough. Nothing passes by implication. And there is support for that. However, in cases such as Kinshore, noted that this circuit in decisions such as Superior Oil, actually peeled back the patent and looked at the intent as to what was granted. What was the land to be used for? How was it being used? What was the United States' relationship with that land? Again, we submit that decision should not have been made, certainly not at the pleading stage, perhaps on summary judgment. But no argument as to that and no peeling back as we saw in Superior Oil. Doesn't the Quiet Title Act require, though, Hazel Green, to be specific about the nature of the interest it's claiming? I think that's why the district court granted the motion to dismiss. So I guess I'm trying to figure out what was the nature of the property right that was purportedly transferred by the patent language requiring the appurtenances? Well, our position on that, Your Honor, is it was an easement by prior use. In other words, by the fact that Mr. Halstead for 14 some odd years operated an overnight facility, fed people who stopped there, and used the land for that purpose, that the patent carried with it that use and the use of the roads. He collected tolls there and those things.  The third interest that Hazel Green asserted was an easement by necessity. And I grant you again that there is an issue today about another forest service road that exists. Before I even start that, it appeared that you mentioned this in a footnote, this easement by necessity with a reference to the Fitzgerald case. I'm just wondering if that's enough to raise this now on appeal. Your Honor, I believe it is. We've challenged all of the district court's orders as to the underlying pleadings. I don't plan to spend much more time on it than, frankly, I already have. But the fact of the matter is it was raised at the district court level in the third amended complaint. The district court simply washed it out, actually made a little bit of weighing of the facts, which I don't think it should have done at the motion-dismissed stage, and dismissed the claim. You can prevail on any one of these and win on this appeal? Yes, Your Honor. You don't have to win on two? No, Your Honor. Okay. And I'm just trying to figure out, are you stating or claiming that merely stating that the property was surrounded on all sides by federal land was sufficient to allege a claim of easement by necessity? No. At the time, Your Honor, it was patented to Mr. Halstead. It was surrounded on all sides by federal lands, and that's a classic easement by necessity element. And the fact is Mr. Halstead had to have some route of access in and out of his property at that time. The district court made the determination that, well, he did have that right of access. It happened to be these roads, which is a circular argument in my mind. The easement necessity existed at that time in 1888, and we believe Hazel Green has succeeded to those rights through the transfers of property since then. Returning briefly to the decision being made at the pleading stage, I'm not aware of any Ninth Circuit authority where this has occurred before with respect to claims for easements under the Quiet Title Act. Fitzgerald was a motion for summary judgment decision. McFarland was a motion for summary judgment decision. Staley in Colorado was a motion for summary judgment decision. There are assorted cases out in other districts outside of California where it's done at the pleading stage, but the fact of the matter is there's no real evidence of weighing of facts and of determining these rights, particularly, as Judge Noonan noted, the right under California law as recognized under McKinney and that line of cases in the county road that abuts your property. And it's important to note, I want to thank the court for allowing me to present these two excerpts from the record. I know it's not commonly done in appellate practice, but as ER 514 shows, Hazel Green, those roads don't just pass next to Hazel Green. They actually are on it. They are there. They're physically on it. So we're not talking about simply abutting property. We're talking about roads that actually are on top of the property, which I also think takes it out of the other cases that we've described, where often these roads are described as abutting roads versus, say, traversing roads. Let me go back to the first couple of questions I asked you. We would affirm the district court if the law were, as the district court said, if you didn't have a California statute or you interpreted the California statute as being no different from the other states so that there was no easement interest protectable, then it would have been all right to dismiss that first count that you were arguing. If, however, we concluded that the California law were different and that it would you could establish the same type, the type of interest that's necessary for a protectable interest, then we would reverse that first count. Yes, Your Honor. And I think the... So that's a pure question of law, right? It is. It is, Your Honor, except with the issue that Judge Unum raises, well, really, who owns the road and how does that get determined? Well, that's what I said. That's an issue that would have to be determined subsequently. I think it would, Your Honor. And would Hazel Green then have the county join them later? I mean, can Hazel Green require the county to join under Rule 19? Hazel Green was invited to do so by the district court and made that motion. Again, I don't think there is a requirement at this stage between Hazel Green and the United States and the federal defendants that are here today that a determination be made as to the Mariposa County's ownership interest. And that is in part informed by California Streets and Highway Code Section 8352 that says even if a county abandons a county road, that the easement rights that flow from that to the abutting landowner continue on. And so that's why the ownership issue is important on one level, but on another level I think that Streets and Highway Code strongly protects Hazel Green's interest in that easement. And there's been no legal determination that the roads are abandoned, correct? I'm sorry, Your Honor. I didn't hear the very last part. There has been no legal determination that the road has been abandoned, is that correct? No, Your Honor. No. No. That's incorrect? No, I'm sorry. There's been no legal determination that the road has been abandoned, absolutely not. And if there was, again, I'd say Hazel Green still has its easement rights. Your position is that the county, it's the county road, and they are not necessary to that determination. That's correct, Your Honor. And I'm informed a little bit by the decision in Staley in that regard, which is you're going to get evidence from the county. The county is going to say it's a county road. It has said it's a county road in various resolutions it has passed. I'm not sure there's much more left for the county to do at that point. It chose not to proceed against the federal governments for whatever reasons it chose to do so, but that's the difference. And I think that's the confusion at the lower court level is you, unfortunately, have a raft of cases out of this circuit and others involving RS-2477. I shudder to even say those letters and numbers because that statute is often invoked by members of the public who want to have access to a road. It's often seen off-roaders and people who engage in that kind of behavior, and what you don't see is a situation like the one we have before us, which is. If you have two minutes left, I'm going to save it for rebuttal. Thank you, Your Honor. I appreciate that. May it please the Court. I'm Mark Hague from the Department of Justice for the federal appellees. With me at counsel table is Barbara Goodyear from the Department of Interior, and also Deborah Reams, who is counsel for the intervener appellees, the Nature Conservancy, the Sierra Club, and the Wilderness Society. Thank you. You've got unusual allies. Sometimes, sometimes we're happy to have them. Hazel Green brought this case under the Quiet Title Act, and it's claiming that it has easements for the use of two roads, Colterville Road and Crane Flat Road, that it contends are public highways established under RS-2477 that run from Hazel Green's property into Yosemite Valley and Yosemite National Park. There are fundamental problems with their case that make its case fail for several independent reasons. The first overarching problem is that their claims are premised on the idea that these are county roads, but they are at this point foreclosed from establishing that they're county roads. The counties are the parties who hold the right-of-ways under RS-2477. The waiver of sovereign immunity under the Quiet Title Act requires that the person who is asserting a quiet title claim against the United States be seeking, asserting an interest in its own property, not the property of a third party. So Hazel Green can't assert the county's interests for it, and the county... Well, can't it assert its interest in an easement in the county road, if it's a county road? Well, that would be a claim against the county, whether or not they... You said you have to have an interest in the property. Right. And if under California law the easement is property, isn't that asserting an interest in property? The interest in property that they are asserting is an interest in a state right-of-way, not a federal right-of-way. To the extent that California cases like Basich recognize the easement-like interest of a pertinent property owner in a state road, that's an attempt... The state of California can do that with respect to its own roads, but it can't expand the scope of a federal grant. RS-2477 is a grant of a right-of-way for purposes of a public highway, so that's a grant from the federal government to the state or county government. But the county can't then turn around and expand the scope of the federal grant to include some kind of a private interest. If you give somebody a road and they allow people to use the road to get from one place to another, the adjoining property owners, why is that expanding it? You're giving, allowing them a use, which is a property right. California. The right of the public to use a public road is not a sufficient property interest for purposes of the quiet sidewalk. I understand. But this is an adjoining landowner... Right. ...who, let's assume for the moment in California, has a property interest and easement in using that road. And that would be, for California to give an appurtenant property owner an easement in a federal right-of-way, would be expanding the scope of the RS-2477 grant, because RS-2477 is a grant for a highway, and as Judge McConnell explains in the Seward decision, a highway means a public road. So to the extent that what Hazel Green is claiming is an interest in the use of a public road, it's no different than the rights of the rest of the public, and that's not sufficient. To the extent that it's claiming a private right that's greater than what the public has, that's not a right that was conveyed under RS-2477. And so that's not a right that the state could convey to Hazel Green. And in any event, all of these arguments by Hazel Green fail because they're premised on the idea that these are, in fact, county roads. But the entity who has the right to make that claim against the United States under the Title Acts Waiver of Sovereign Immunity is the entity that holds the right-of-way, and that's the counties. The county, Tuolumne County, disclaimed any interest in the roads. One of these segments here goes through Tuolumne County. They came into district court and said, we don't claim any interest in the right-of-way. Mariposa County asserted a claim. It was dismissed. They didn't amend, and they didn't appeal. So at this point, the counties are foreclosed from asserting ownership in a quiet title action against the United States. So my opposing counsel said that they could prove on summary judgment that these are, in fact, county roads. But the question before the court is not whether they could win on the merits of that case. The question is the jurisdictional one of whether they have stated a claim and whether there's jurisdiction under the Quiet Title Act. And that's a different question. It may be that there's evidence that these are county roads, but the counties aren't before the court or haven't asserted those claims or have waived them, and they're the only people who come within the Waiver of Sovereign Immunity under the Quiet Title Act. So that argument is now foreclosed. Well, if Hazel Green has a private interest in an easement, why is it essential that they have to show at this stage that the county owned the roads? This is just an initial appraisal. Do they have a recognizable interest? Right. They assert they do. And we assert that they don't for two reasons. Their theory of the case, the facts that they have alleged in their complaints, all turn on the notion that these two roads were historically public county roads established under RS-2477. I mean, we do not dispute that if they had a claim to an easement by necessity, that there would be jurisdiction to assert that under the Quiet Title Act. Their easement by necessity claim fails for different reasons, for the lack of particularity. Well, what's not particular about it? Well, it's not just lack of particularity, but it's partly lack of particularity. The district court found correctly that Hazel Green never explained how – I'm sorry, I'm getting my claims mixed up here. The easement by necessity fails because the required element of an easement by necessity is that there be no other access. And Hazel Green can't allege that. Its complaint, in fact, alleges that it does have access now. It wants different access, better access to the valley floor. But because it can't allege a lack of access, it can't make an easement by necessity claim. On the patent claim, the claim that an easement was conveyed by a patent, that's the one that the district court held failed for lack of particularity. And the lack of particularity there is any basis, any explanation for how an easement could have arisen in Halstead, the patentee, before he got the patent. So the patent conveys the land and it conveys appurtenances, but we know from McFarland and Fitzgerald that just the reference to appurtenances doesn't create an easement. If Halstead didn't own the property before he got the patent, he could not have had an easement. The prior owner of the property was the United States. The United States didn't need an easement. So there's no theory, there's no basis to explain how an easement could have come into existence at the time the patent was conveyed. Thank you. I guess I also want to... And again, the Staley case from Colorado, is that instructive here? Yes, Your Honor. I think it is instructive. I think Panamint is also instructive. It is true, as Mr. Pitha points out, that in those cases, part of the plaintiff's allegation was a right to use a road as a member of the public. But I believe in Staley, as well as in Panamint and in Kinsherf, the parties were claiming the right to use a public road to access their private property. The law in Colorado and New Mexico is not that different than the law in California in terms of recognizing that a pertinent property owner has the right to get onto a public road from his property, to access a public road. But the mere right of access and a right of use does not create an interest in title sufficient to state a claim under the Quiet Title Act. And again, the Quiet Title Act is a waiver of sovereign immunity. It has to be construed strictly in favor of the sovereign. And I guess, touching on this sovereign immunity point, the argument that this case should be allowed to go to summary judgment because there are facts in dispute fails to recognize the jurisdictional nature of the issues here. The district court dismissed for failure to state a claim and for lack of jurisdiction because these are Quiet Title Act claims and the Quiet Title Act is a waiver of sovereign immunity. And the burden is on Hazel Green here to establish the existence of jurisdiction. So the fact that there may be underlying facts in dispute or that the evidence at this stage may raise issues doesn't address the legal threshold of whether. If the county came in or the State and said that we are asserting our ownership of this road, that would be we would have jurisdiction over that? Yes, Your Honor. And if they said we have given an easement over our road to the plaintiff in this case, Hazel Green, they could not allege that in a Quiet Title Act? I guess I don't know that the county would have a – whether California has given Hazel Green an interest in a State road is not a Quiet Title Act question, and that's a dispute between Hazel Green and the State of California. Suppose it's not a dispute. They agree. If they agree. Well, then they agree. But if – but the State of California can't give away something that it doesn't own. Well, that's what I think you're saying. That's the RS-2477 issue. But if it does own it, and if they file a suit to say we do own it, we do own the road. If – right. But all of the allegations here, the theory of Hazel Green's case, is that these are RS-2477 roads. And if they're RS-2477 roads, the scope of the grant from the Federal Government to the State is for a public highway. That, we would submit, does not authorize the State of California to then pass that – pass its interest on to a third party. But all of that is academic here because Tuolumne County disclaimed any interest, Mariposa County attempted to assert an interest, dismissed, didn't appeal. So those claims – those arguments are foreclosed now. So you think Mariposa County is now barred from asserting it in this case? Yes. They dismissed without prejudice and they didn't amend, right? They didn't amend and they didn't appeal. And so you think that forecloses them from – if the case were remanded and they were named as a necessary party by the plaintiff, that would prevent them from coming into the case and asserting their ownership rights? Well, actually, I misspoke, Your Honor. The first time the district court – the district court dismissed with leave to amend. Yes. When the time – the deadline for filing a motion for an amended complaint came, the county purported to withdraw its complaint rather than amend. And the district court at that point dismissed with prejudice. So they're out. Well, if we conclude that Hazel Green Ranch's easement is sufficient to assert a claim under the Quiet Title Act, then it could bring a claim alleging that the county is the proper owner, right? I mean, this would go back to the district court. Could it bring a claim alleging that and join – have the county join under Rule 19? Well, that was what happened. And the district court – and the county did join, and the county did file a complaint, and that's what – that was dismissed for lack of particularity with leave to amend. They didn't amend, and then it was dismissed with – they were held dismissed with prejudice, and they haven't appealed. So that has already happened. So you're saying that only the county could assert this interest in a Quiet Title Action now, that the plaintiff could not assert that interest and then attempt to prove that it's county land. That's correct. That's correct. Well, I ask you again – I ask the plaintiffs about the history. I understood from your account that the federal government had conveyed this land to the state of California. Is that not true? It's – that's – some of the land was conveyed to the state of California in the 1860s, the Yosemite Valley. But not – Oh, no. Weren't you talking about this property that was in litigation? No, Your Honor. You didn't make it very clear. I apologize if our brief is not clear on that point. So your brief should have said what? That the federal government kept the title to this property? The – I can't point you to a good map in the record. That would be helpful here. But initially, the whole vicinity around Yosemite Valley was federal land. Right. In the 1860s, a small portion, sort of the core of the valley, was conveyed to the state of California. The outer circle of the donut remained federal land. Hazel Green Ranch then was patented to Halstead in 1888. That's in the donut, not the hole. By the federal government. Right. And then it – Okay. And what is it that precludes a private landowner from saying, I have an interest in this jurisdictionally? I mean, I have an interest in this property because the state authorized this to me to have one. Why can't he sue? Why can only the county sue in the quiet title action? The courts have been quite clear, and this is Kinsherf and Long and Southwest Four-Wheel Drive, that only a person – that the entity that owns RS-2477 right-of-way is the government entity, the county or the state, and that those are the only private plaintiffs for purposes of the Quiet Title Act to assert a claim against the United States. Now, do those cases involve a party who does not have a protectable interest? For instance, I mean, if in the states where those cases arose, the private party suing didn't have a protectable easement, and in California he does, do those cases apply to a California easement? The scope of the federal grant, the interest that's conveyed under RS-2477, is a question of federal law. It's not a question of state law. So the fact that the state of California recognizes rights of pertinent landowners on its lands, that's fine in the state of California, and to the extent that Hazel Green wants to sue the state, it can. But California can't bind the federal government by creating a broader right than the federal government gave California. The only right we're talking about is whether California can not expand the property interest in the land but can give up part of the property interest in the land. The property interest that's conveyed under RS-2477 is the right to create a highway, a public road. So the minute California attempts to say, well, not only is this a public road, it's also a private road, RS-2477 doesn't cover private roads. No, it's a public road, and we've given an easement over that public road. Well, I guess in a way what the question supposes is the United States passes a statute that says county governments can apply for block grants or can get something, and then the county government passes an ordinance that says we authorize any individual citizen to apply for the grant in our name. That would be inconsistent with basic principles of how a waiver of sovereign immunity works or principles about a federal grant. Nothing passes by implication. Scope of the grant is construed narrowly in favor of the sovereign. So all of those principles apply in the context of the roads that are in the kind of odd facts here, RS-2477 roads to a county. Thank you, counsel. Thank you. If the district court's decision is allowed to stand, private landowners over whose property public county roads run will have no remedy simply when the federal government at the pleading stage alleges that those roads are federal roads. Those rights could only be indicated, as this panel's questioning has drawn out, by at most a county seeking to assert its own rights in the road. I think that's contrary to the language in McFarland that brings us in part here today. I think it's also directly contrary to California law, such as the McKinney decisions, which a decision and others which broadly protect landowners. So that's the result that will occur if Hazel Green is not allowed to proceed. It will have to be a ward of the county which will choose for whatever reason to not pursue its claims. And interestingly enough, again, the record is replete in this case with the county asserting over and over and over again that those are county roads. And nothing has changed that, including the dismissal of the county at the pleading stage after it chose not to continue suing the federal government. Kinsherf and Staley and Panamint, I think, are eminently distinguishable in response to a question that was raised to Mr. Hague. Kinsherf, again, a federally built road, hard to assert a state law right in a non-county road. Staley allowed a claim to proceed that was described as, quote, the right of ingress and egress. I'm not even sure I know what that means in the context of that case, but it did allow a claim to proceed at that point. And Panamint is in the vein of all the other cases involving, quote, unquote, members of the public who want access to roads because they happen to be there, not because they are landowners across whose land those roads traverse. For all of those reasons, the district court's judgment should be reversed. And on the issue of Mariposa County, I don't see a reason why it couldn't be a defendant, at least, in the lower court. But, again, I think the record is very clear that it is admitted over and over again, state over again, that it's a county road. So I'm not sure its participation is absolutely necessary. But, again, I don't see anything barring it to it being a defendant as opposed to a plaintiff going forward. Thank you. Thank you, Your Honors. The case just argued will be submitted.
judges: Reinhardt, Noonan, Murguia